*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1792-GHK (SPx) | Date | October 18, 2016 |
|---|---|---|---|
| Title | *Alejandro Rodriguez v. QG Printing Corp., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order re:** Motion to Remand [Dkt. 16] and Motion to Dismiss [Dkt. 13]

    This Matter is before us on Plaintiff Rodriguez's motion to remand, [Dkt. 16], and Defendants' motion to dismiss, [Dkt. 13.]  We took the matters under submission on October 4, 2016. [Dkt. 31.]  As the Parties are familiar with the facts, we will repeat them only as necessary.  Accordingly, we rule as follows:

    Plaintiff's motion to remand is **DENIED** as the amount in controversy is clearly above $5 million.  Defendants' motion to dismiss is **GRANTED** as Plaintiff fails to plead at least one instance where he was denied overtime, a meal, and a rest break.

**I.    Motion to Remand**

    Plaintiff argues that there is insufficient evidence to support the assumptions used to calculate the amount in controversy.  "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged."  *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Id.* (internal citations and quotation marks omitted).  "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."  *Id.*  At this stage of litigation, Defendants do not need to prove the merits of Plaintiff's case, but only produce reasonable estimates based on the allegations in the Complaint.  *See, e.g.*, *Oda v. Gucci Am. Inc.*, No. 14-cv-7468-SVW, 2015 WL 93335, at *3 (C.D. Cal. Jan. 7, 2015) (holding defendant provided sufficient evidence to support its estimated amount in controversy and noting "[defendant] need not prove the merits of Plaintiffs' case.").  After both sides submit proof, "the court then decides where the preponderance lies."  *Ibarra*, 775 F.3d at 1198.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1792-GHK (SPx) | Date | October 18, 2016 |
|---|---|---|---|
| Title | *Alejandro Rodriguez v. QG Printing Corp., et al.* | | |

    Defendants' assumptions are based on the Complaint and the declaration they submitted from their payroll supervisor. Although Plaintiff is not required to submit any evidence, the Ninth Circuit suggests that such evidence would help courts evaluate the assumptions made by defendants in calculating the amount in controversy. *See Ibarra*, 775 F.3d at 1199 ("[Plaintiff] contested the assumption, but did not assert an alternative violation rate grounded in real evidence, such as an affidavit by [Plaintiff] asserting how often he was denied meal and rest breaks."). Plaintiff had the opportunity to include evidence derived from his personal experience from working for Defendants, but has not done so.

    Reviewing the Complaint and Defendants' evidence, we find that the assumptions are reasonably based on the evidence before us. Regarding the frequency of overtime, meal and rest break violations, the Complaint states:

> "Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a *uniform policy and systematic scheme* of wage abuse against their hourly-paid or non-exempt employees within the State of California."

(Compl. ¶¶ 26-27) (emphasis added). Other courts in this Circuit have found similar allegations of a "uniform policy and systematic scheme" of abuse to support an assumed violation rate of one violation per week. *See, e.g.*, *Jasso v. Money Mart Express, Inc.*, 2012 U.S. Dist. LEXIS 27215, at *19 (N.D. Cal. Mar. 1, 2012) (approving assumptions of one violation per week for overtime, meal, and rest breaks when allegations are based on a "uniform policy and systematic scheme"). Assuming a rate of one violation per week for overtime, meal, and rest breaks, Defendants calculated an amount in controversy of over $10 million, which is more than sufficient to confer jurisdiction under the Class Action Fairness Act. 28 U.S.C. § 1332(d)(2). Plaintiff's Motion to Remand is **DENIED**.

**II.     Motion to Dismiss**

    In their motion, Defendants argue that Plaintiff fails to plead sufficient facts to support his allegations. According to Ninth Circuit precedent, a complaint asserting a wage and hour claim must "allege facts demonstrating there was at least one workweek in which [plaintiffs] worked in excess of forty hours and were not paid" wages. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). The current allegations simply echo the law and do not provide enough factual detail to demonstrate an actual violation. While there are no specific pleading requirements such as dates, precision or mathematical accuracy, the Ninth Circuit has suggested plaintiff could estimate the length of her or his average workweek, the average rate of pay, amount of overtime owed, "or any other facts that will permit the court to find plausibility." *Landers*, 771 F.3d at 645.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1792-GHK (SPx) | Date | October 18, 2016 |
|---|---|---|---|
| Title | *Alejandro Rodriguez v. QG Printing Corp., et al.* | | |

For the foregoing reasons, we **GRANT** Defendants' motion and **DISMISS** Plaintiff's claims **with leave to amend**. Should Plaintiff elect to file a First Amended Complaint ("FAC"), he shall do so within **21 days hereof**. Plaintiff's failure to file a FAC will be deemed his admission that amendment is futile, and in that event, this action will be dismissed with prejudice. If Plaintiff files a FAC, Defendants shall respond to it within **30 days thereafter**.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk    PS